**FILED**

**JAN 14 2009**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA A. UDAGER, | ) | CIV. 08-5042-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff applied for Supplemental Security Income benefits. The Administrative Law Judge (ALJ) denied plaintiff's claim. Plaintiff seeks judicial review of the ALJ's decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The decision of the ALJ must be upheld if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Metz v. Shalala, 49 F.3d 374, 376 (8th Cir. 1995) (citing Sullies v. Shalala, 25 F.3d 601, 603 (8th Cir. 1994), cert. denied, 573 U.S. 1076, 115 S. Ct. 722, 130 L. Ed. 2d 627 (1995)); Smith v. Shalala, 987 F.2d 1371, 1373 (8th Cir. 1993). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind might find it adequate to support the conclusion. Fines v Apfel, 149 F.3d 893 (8th Cir. 1998) (citing Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993)). See also Shannon v. Chater,

54 F.3d 484, 486 (8th Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971)). See also Onstead v. Sullivan, 962 F.2d 803 (8th Cir. 1992) (quoting Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991)). Review by this Court extends beyond a limited search for the existence of evidence supporting the Commissioner's decision to include giving consideration to evidence in the record which fairly detracts from the decision. Brockman v. Sullivan, 987 F.2d 1344, 1346 (8th Cir. 1993); Locher v. Sullivan, 968 F.2d 725, 727 (8th Cir. 1992); Turley v. Sullivan, 939 F.2d 524, 528 (8th Cir. 1991).

However, the Court's role under section 405(g) is to determine whether there is substantial evidence in the record as a whole to support the decision of the Commissioner and not to reweigh the evidence or try the issues de novo. Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Furthermore, a reviewing court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993); Smith v. Shalala, 987 F.2d at 1374 (citing Locher, 986 F.2d at 727 (quoting Baker v. Heckler, 730 F.2d 1147, 1150 (8th Cir. 1984))). The Court must review the Commissioner's decision to determine if an error of law has been committed. Smith v. Sullivan, 982 F.2d 308, 311 (8th Cir. 1992); Nettles v. Schweiker, 714 F.2d 833, 836 (8th Cir. 1983). The Commissioner's conclusions of law are only persuasive, not binding, on the reviewing court. Smith v. Sullivan, 982 F.2d at 311; Satterfield v. Mathews, 483 F. Supp. 20, 22 (E.D. Ark. 1979), aff'd per curiam, 615 F.2d 1288,

1289 (8th Cir. 1980). As long as the ALJ's decision is supported by substantial evidence, then this Court cannot reverse the decision of the ALJ even if the Court would have decided it differently. Smith, 987 F.2d at 1374.

## BACKGROUND AND DISCUSSION

Plaintiff was born on October 17, 1965, making her 39 years old on the alleged disability onset date and 41 years old at the time of the ALJ hearing. On June 21, 2005, plaintiff filed for benefits, alleging disability commencing on February 12, 2005. Administrative Record (AR) 85. Plaintiff alleged disability due to bulging discs in her lower back, which resulted in pain, numbness, and swelling in her neck, back, arms, and legs. AR 98-99. Plaintiff had a history of injuries to her body and spine, including several horse accidents and a motorcycle accident. AR 161. The record also reflects a suicide attempt and a diagnosis of mental illness, specifically adjustment disorder with depressed mood. AR 216.

Plaintiff's claim was denied at all stages and she appealed to the ALJ. The ALJ hearing was held on January 17, 2007. AR 13. Plaintiff was represented by counsel. Id. Plaintiff testified at the hearing. AR 329-39. A vocational expert was present at the hearing but did not testify. AR 328-39. The ALJ concluded the hearing by stating the following: "I'm going to ask the Government to provide a neurological report. And ask that an exam be done. So I know how you're doing right now, medically." AR 339.

On August 29, 2007, the ALJ issued his decision denying plaintiff benefits. AR 13-26. No neurological exam was conducted, nor was any neurological report submitted, prior to the issuance of the ALJ's decision. AR 146. No testimony was ever taken from the vocational expert, Jerry Gravatt. The ALJ found that plaintiff suffered from two severe impairments, disc bulging and generalized pain disorder. AR 19. The ALJ also found that plaintiff was not entirely credible and was not able to return to her past relevant work at the light or heavy exertional levels. AR 25. However, the ALJ found that plaintiff retained the residual functional capacity to work at the sedentary level, and that such jobs were available to her in the national economy. Id. Consequently, plaintiff's application for benefits was denied.

Plaintiff appeals, contending that the ALJ erred 1) by improperly rejecting the opinions of plaintiff's treating physicians; 2) by improperly discrediting her subjective complaints; 3) by improperly applying the Medical-Vocational Guidelines; and 4) by improperly applying the burden-shifting rules. After careful review of the record, transcript, and arguments submitted by both parties, the Court finds that the ALJ's decision is not supported by substantial evidence and therefore must be reversed. As such, only the arguments warranting reversal will be discussed.

A.  **Treating Physicians**

Plaintiff submitted medical records and opinions from four different treating physicians, Drs. Skager, Nabwangu, Hata, and Mills. "A treating physician's opinion

should not ordinarily be disregarded and is entitled to substantial weight." Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000). The four doctors were generally in agreement regarding plaintiff's objective medical findings and functional limitations. For instance, Drs. Hata and Mills, both of whom completed medical statements, indicated that plaintiff could sit for no more than 2-4 hours in a given day. AR 235, 245. The doctors were in unanimous agreement that plaintiff was unable to stoop. AR 158, 211, 235, 245. The ability to stoop is required for work at the sedentary level, which will be discussed later in this opinion.

The ALJ rejected all four of plaintiff's treating physicians' opinions. "When an ALJ discounts a treating physician's opinion, he should give 'good reasons' for doing so." Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007) (citations omitted). The ALJ failed to comply with this mandate. A careful review of the ALJ's decision reveals that he gave no reason whatsoever for rejecting the opinions of Drs. Skager and Nabwangu, AR 13-26, and his reasons for rejecting the opinions of Drs. Hata and Mills were not entirely persuasive. AR 24. For instance, the ALJ rejected Dr. Mills's opinion largely because it was a "regurgitat[ion]" of Dr. Hata's opinion. Id. Similarity between two physicians' opinions does not constitute a "good reason" to reject those opinions.

The ALJ further based his rejection of Dr. Mills's opinion on a statement contained in a medical note in which plaintiff is reported to have said she "feels that things are going well." AR 24, 267. This statement is taken entirely out of the context of the note as a whole. It is true that Dr. Mills's note from August 17, 2006, reported that plaintiff believed "things

are going well." AR 267. However, earlier in the same note, Dr. Mills noted that plaintiff's "[v]isible analog pain scores are an 8 at best . . . and 10+ at worst;" that plaintiff was only able to elevate her leg part way without feeling tight; that plaintiff suffered from "positive nerve root tension;" and that plaintiff was to continue her prescription pain medication, which consisted of Neurontin, Baclofen, and Lidoderm patches. Id. Thus it is clear that plaintiff did not intend her statement "things are going well" to mean that she no longer felt pain or required medical treatment. The ALJ's reliance upon this statement to reject Dr. Mills's opinion was erroneous. The record does not contain substantial evidence to support the ALJ's decision to reject all four of plaintiff's treating physician assessments.

B.    **The Medical-Vocational Guidelines**

The Medical-Vocational Guidelines, also known as the Grids, provide a framework for determining whether or not a person is disabled given certain assumptions or exertional limitations. 20 C.F.R. Part 404, Subpart P, Appendix 2. "However, when a claimant is limited by a nonexertional impairment, such as pain or mental incapacity, the Commissioner may not rely on the Guidelines and must instead present testimony from a vocational expert to support a determination of no disability." Holley v. Massanari, 253 F.3d 1088, 1093 (8th Cir. 2001).

The record reflects that plaintiff suffers from at least three nonexertional impairments: 1) pain, 2) mental disability, and 3) inability to stoop. See Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992) (inability to stoop is a nonexertional impairment).

6

Although a vocational expert was present at the hearing and able to testify, the ALJ utilized the Grids to determine that plaintiff was not disabled and was capable of performing work at the sedentary level. AR 25. At no point did the ALJ seek input from the vocational expert. This constitutes an error of law. While the ALJ was permitted to discount plaintiff's subjective complaints of pain, Haley v. Massanari, 258 F.3d 742, 748 (8th Cir. 2001), there was no similar permissible basis for the ALJ's decision to ignore plaintiff's mental disability and inability to stoop when deciding to forego the vocational expert and rely solely on the Grids.

As previously discussed, all four treating physicians stated that plaintiff was unable to stoop. AR 158, 211, 235, 245. The ALJ failed to provide good reasons to reject these opinions, and failed to provide any reason whatsoever for his rejection of the opinions of Drs. Skager and Nabwangu. Thus, the opinions of two treating physicians stand unopposed. AR 158, 211. Those opinions stated that plaintiff was unable to stoop, which is a nonexertional impairment. The presence of nonexertional impairments precludes use of the Grids, and requires that the ALJ utilize a vocational expert in determining disability. As a result, the ALJ's reliance on the Grids and failure to utilize a vocational expert in determining plaintiff's ability to work was not supported by substantial evidence.

With respect to plaintiff's ability to stoop, the ALJ also ignored Social Security Ruling 96-9p, which states that

> [a]n ability to stoop occasionally . . . is required in most unskilled sedentary occupations. A complete inability to stoop would significantly erode the

> unskilled sedentary occupational base and a finding that the individual is disabled would usually apply .... Consultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping.

Four different treating physicians opined that plaintiff was unable to stoop even occasionally. Pursuant to SSR 96-9p, at a minimum the ALJ should have utilized the vocational expert before determining that plaintiff was capable of performing work at the sedentary level.

## C.     Burden Shifting

The ALJ decided this case at step five of the sequential evaluation process, which means that he determined plaintiff to be incapable of performing her past relevant work, but found that she could perform other jobs in the national economy. Steed v. Astrue, 524 F.3d 872, 875 (8th Cir. 2008). It is well-settled that the burden of proof at step five is upon the Commissioner, who must prove by "substantial evidence that [plaintiff] can perform any work on a sustained basis in the sometimes competitive and stressful conditions in which people work in the real world." Smith v. Apfel, 157 F.3d 571, 572 (8th Cir. 1998). Based upon the foregoing discussion – in particular the ALJ's improper rejection of plaintiff's treating physician opinions, the ALJ's reliance on the Grids, the ALJ's failure to properly consider plaintiff's inability to stoop, and the ALJ's refusal to utilize a vocational expert – the Court finds that the Commissioner failed to carry his burden of proving by substantial evidence that plaintiff is capable of performing sedentary work in the national

economy. The ALJ's decision as a whole is not supported by substantial evidence. Accordingly, reversal is warranted.

Plaintiff seeks reversal and an immediate award of benefits. The Court cannot reconcile plaintiff's argument that the record was insufficiently developed with the argument that an award of benefits is warranted. If the record was insufficiently developed, there is no basis to conclude that plaintiff is necessarily entitled to benefits. Thus, while reversal is warranted, a direct award of benefits is not, and the matter will be remanded for further hearing by the ALJ.

## CONCLUSION

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff's motion for summary judgment (Docket #9) is granted. The decision of the ALJ is reversed and the matter is remanded for further hearing.

Dated this 14th day of January, 2009.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE